**XIU HANG WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 0–2331–ag.**

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Xiu Hang Wu, New York, NY, Pro Se.

John F. Wood, United States Attorney for the Western District of Missouri, Jerry L. Short, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Xiu Hang Wu, a native and citizen of the People's Republic of China, seeks review of an April 13, 2005, order of the BIA affirming the February 3, 2004, decision of Immigration Judge ("IJ") Alan L. Page denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiu Hang Wu*, No. A79 682 456 (B.I.A. Apr. 13, 2005), *aff'g* No. A79 682 456 (Immig. Ct. N.Y. City Feb. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e. g., Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

In the absence of an explicit finding as to credibility, we construe the IJ's decision as having denied Wu's applications for relief because he failed to sustain his burden of proof. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005) (assuming without deciding petitioner's credibility where the BIA had also assumed such credibility). Wu's failure to corroborate central elements of his claim supports the denial of his applications for relief on the ground that he was unable to sustain his burden of proof. *See Diallo v. I.N.S.*, 232 F.3d 279, 287 (2d Cir.2000).

"[W]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reason-

ably be expected." *See id.* at 285–86 (citing 8 C.F.R. §§ 208.13(a), 208.16(b); *In re S–M–J–,* 21 I. & N. Dec. 722, 724 (BIA 1997)). The IJ properly identified several omissions in the present record: (1) Wu's written statements did not include his assertion that he knew one of the women whom he freed from detention; (2) the letter he submitted that was purportedly from that women also did not mention that they knew each other; (3) his written statements asserted that the police threatened to arrest his family while his testimony did not assert a threat of arrest; (4) his written statements omitted his assertion that the police came to his home in November 2001 seeking his arrest; (5) his father's letter omitted Wu's assertions that the police threatened his father, that they came to the father's home seeking Wu's arrest and destroyed the furniture. While Wu offered explanations for these omissions, the IJ was not required to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

An IJ's denial of relief may be based on the failure of documentary evidence to include significant factual assertions. *See Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (finding that a village leader's failure to include in his letter to the IJ the assertion that he was present at the time of petitioner's release from detention properly supported the IJ's adverse credibility determination). Here, it was Wu's burden to establish his eligibility for asylum, *see* 8 C.F.R. § 208.13(a), but the IJ properly concluded that the omissions identified above were "of consequence" and ultimately led to his failure to meet that burden. This finding was proper, because once the IJ impugned Wu's documentary evidence, the central elements of Wu's claim were largely uncorroborated— that the police came to his home and sought his arrest; that the police threatened his family; that the police destroyed

the furniture; indeed, even whether he freed the women at all. Having found that Wu's evidence merited little weight, *see Xiao Ji Chen v. U.S. Dep't. of Justice,* 471 F.3d 315, 342 (2d Cir.2006), the IJ did not err in requiring additional corroboration, *see Diallo,* 232 F.3d at 288–89.

Wu failed to submit a letter from the friend with whom he stayed in China while he was in hiding. It was reasonable for the IJ to expect such a letter, when Wu offered no convincing explanation for his failure to submit that letter. *See Diallo,* 232 F.3d at 289–90. Wu failed to submit proof that he worked as a messenger for the local government. The IJ also reasonably found that Wu's employment was a material element of his claim: without such employment, he would not have been given the key that enabled him to free the detained women and would not have been sought for arrest by police. *See id.,* citing *In re S–M–J–,* 21 I. & N. Dec. at 725. The IJ acknowledged Wu's explanation that because he was a temporary employee, he was paid in cash and was not given identification, but concluded nevertheless that a government employee would have some proof of employment. Having thus considered and rejected Wu's explanation, the IJ did not err in faulting Wu for his failure to submit such corroboration. *See Diallo,* 232 F.3d at 289–90.

Viewed as a whole, the record supports the IJ's denial of asylum, as Wu was unable to corroborate the central elements of his claim and thus meet his burden of proof. *See Diallo,* 232 F.3d at 289–90; *cf. Surinder Singh,* 438 F.3d at 148. Moreover, because Wu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, where all three claims were

based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).